IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACY R. MITCHELL,

        Plaintiff,

    v.

WASHINGTON MUTUAL,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.,
SHAPIRO & SWERTFEGER, LLP,
FEDERAL NATIONAL
MORTGAGE ASSOCIATION, and
EVERHOME MORTGAGE
COMPANY,

        Defendants.

CIVIL ACTION FILE NO.

1:10-CV-3196-TCB-JFK

## **FINAL REPORT AND RECOMMENDATION**

On November 15, 2010, Chase Home Finance[1] and JPMorgan Chase Bank,

National Association, Successor in interest from the Federal Deposit Insurance

Corporation, as Receiver for Washington Mutual Bank, f/k/a Washington Mutual

---

[1]Plaintiff's original complaint named Chase Home Finance as a Defendant. [Doc. 1]. However, upon filing of the amended complaint, as noted in the style of the case set forth above, Plaintiff no longer names Chase Home Finance as a Defendant [Doc. 7], and accordingly, the Clerk of Court **terminated** Chase Home Finance as a Defendant on November 2, 2010. [See Docket Entry Dated November 2, 2010]. The motion to dismiss as to this entity is **MOOT**.

Bank, F.A. ("JPMorgan"), filed a motion to dismiss the amended complaint, entitled "Amended Complaint for Permanent Injunction for Cease and Desist and Other Equitable Relief" [Doc. 7], in the above-styled matter pursuant to Rules 8(a)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 12]. The docket reflects that Plaintiff has not responded to the pending motion. When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). And see LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion"). Courts have not, however, as a general rule, automatically granted a motion to dismiss a complaint for failure to file a timely response, when doing so would be dispositive of the litigation. See Perkins v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (denying defendants' request to grant their motions to dismiss as unopposed) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)); Raphael v. Hackett, 2006 WL 3334387, at *2 (S.D. Miss. November 13, 2006) (same). The court will address the merits of Defendant JPMorgan's motion to dismiss.

AO 72A
(Rev.8/82)

## I.    Rule 12(b)(5) - Standard of law

Defendant objects to service of process and seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(5). [Doc. 12]. "The party challenging the sufficiency of the service bears the burden of showing it was improper." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997); accord Hollander v Wolf, 2009 WL 3336012, at *3 (S.D. Fla. October 14, 2009) ("A challenge of sufficiency of process must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4."); Binns v. City of Marietta Housing Authority, 2007 WL 2746695, at *2 (N.D. Ga. September 18, 2007) (same); Hickson v. Home Federal of Atlanta, 805 F. Supp. 1567, 1571 (N.D. Ga. 1992) (adopting the requirements of other courts that a party's objection to sufficiency of service of process "'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized'") (citations omitted). If the challenge is sufficiently set forth, Plaintiff "bears the burden of presenting 'enough evidence to withstand a motion for directed verdict.'"[2] Lowdon

---

[2]To determine whether a plaintiff's evidence would withstand a motion for a directed verdict, the court looks "to see whether there could be but 'one reasonable conclusion' given the evidence." Portera v. Winn Dixie of Montgomery, Inc., 996 F. Supp. 1418, 1423 (M.D. Ala. 1998) (citation omitted).

3

PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (citation omitted); Hollander, 2009 WL 3336012, at *3 ("Once a defendant challenges service of process, plaintiff has the burden to demonstrate sufficient service of process. A signed return of service is *prima facie* evidence of proper service."). If a plaintiff "presents countering evidence, 'the court must construe all reasonable inferences in [the plaintiff's] favor[.]' . . . Absent an evidentiary hearing, [a plaintiff's] presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff." Lowdon, 534 F. Supp. 2d at 1360 (citation omitted). "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Hollander, 2009 WL 3336012, at *3.

In resolving a motion for insufficiency of service of process, a court may make factual findings necessary to resolve the motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). Because such motions do not address the merits of the claims brought in the complaint but are treated as matters in abatement, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id.; accord Hollander, 2009 WL 3336012, at *3

4

("The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact.").

## II.     Rules 8(a), 10(b), and 12(b)(6) - Standard of Law

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). And Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as amended 2007). In Davis v. Coca-Cola Bottling Co.

<u>Consol.</u>, 516 F.3d 955 (11th Cir. 2008), the Eleventh Circuit Court of Appeals stated:

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

<u>Id.</u> at 980 n.57 (citations and internal quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted); <u>accord</u> <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that notice pleading does not require specific facts to be pled for every element of a claim or that claims be pled with precision, but "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted). As the Supreme Court held in <u>Twombly</u> and has reiterated in <u>Ashcroft v. Iqbal</u>, the pleading standard in Rule 8 "demands more than an unadorned,

6

the-defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 127 S. Ct. at 1965); <u>accord</u> <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)[.]" <u>Twombly</u>, 127 S. Ct. at 1965. A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." <u>Wein v. American Huts, Inc.</u>, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing <u>Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing <u>Marshal Cty. Bd. of Ed. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993)); <u>and see</u> <u>Glover v.</u>

7

Ligget Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) ("Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'") (citation omitted).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

## III. Facts and Procedural History

On October 6, 2010, Plaintiff filed the original complaint in this case against Washington Mutual, Mortgage Electronic Registration System, Inc. ("MERS"), Shapiro & Swertfeger, LLP, Federal National Mortgage Association ("FNMA"), EverHome Mortgage Company ("EverHome"), and Chase Home Finance. [Doc. 1]. The only affidavit of service filed on the docket to date reflects service of the original complaint on Chase Home Finance on October 26, 2010. [See Docket Entry dated

November 2, 2010].  As noted, an amended complaint was filed on November 2, 2010, no longer naming Chase Home Financial as a Defendant.  [Doc. 7].

In summary, the following allegations are found in Plaintiff's "Amended Complaint for Permanent Injunction for Cease and Desist and Other Equitable Relief." [Doc. 7].  Plaintiff alleges that on August 20, 2004, she obtained a secured loan, in the amount of $214,000.00, from Washington Mutual Bank, F.A., for the purchase of a home located at 446 Glenwood Place, Atlanta, Georgia 30316.[3]  [Id., pp. 1-2].  Plaintiff states that closing documents were not provided to her before closing or at any time as required by "TILA ACT 15 U.C.S [sic] 1601 ET Regulation Z EARLY DISCLOSURE STATEMENTS" and that "Special Information Booklets" and "Controlled Business Arrangement (CBA) Disclosure" were not provided.  [Id., p. 2].

The complaint further states, without specifying a date, that the loan was transferred to EverHome Mortgage Company without notice to Plaintiff as required by "RESPA."  [Id.].  And, citing to an attachment to the complaint, Plaintiff alleges that a "Qualified Written Request" was provided to the servicer and that more than twenty

---

[3]In the section of the complaint labeled "Parties," Plaintiff states that she resides at this address.  [Id., p. 47].

days has passed without a response as required.[4]  [Id., p. 2].  Plaintiff states that the loan should be rescinded pursuant to "TILA 15 U.S.C.(b); Reg Z 226.15(d)(1), 226,23(d)(1)[,] 226.15 and 226.23 Predatory Lending Practice 15 U.S.C. 1602(a)(1)(A); Reg Z 226.32(a)(i)."  [Id., p. 3].

The complaint then provides a rambling, conclusory section entitled, "Allegations, Violations, Claims and Fraud," and two sections labeled, "Georgia Assignment and Satisfaction of Mortgage Law" and "Georgia Law."  [Id., p. 3-7].  The next incomprehensible, rambling sections are labeled "Defendants," naming EverHome, "Defendants I," naming MERS, and "Defendants II," again naming EverHome, which are followed by an unintelligible discourse labeled, "Defendants (sic) Business Practices," in which the second and last mention (besides identification as a "Party") is made of Defendant Washington Mutual.  [Doc. 7, pp. 6-29, 47].

The complaint next sets forth the causes of action, which only reference EverHome and MERS.  Counts I, II, III, and X allege violations of the Federal Trade Commission Act ("FTCA"), such as, Misrepresentation of Amount Owed (Counts I

---

[4]Although the complaint identifies the attachment as "Rescission Letter and Return Receipt," the only attachment to which Plaintiff might be referring has no label and is neither dated nor addressed to any entity or person.  [Doc. 7, pp. 51-59].  No other documents are attached to the complaint.

AO 72A
(Rev.8/82)

and X), Unfair and Deceptive Assessment and Collection of Fees (Count II), and

Deceptive Reasonable Basis Claims (Count III). Counts IV, V, VI, and VII allege

violations of the Fair Debt Collection Practices Act ("FDCPA"), such as, Harassment

or Abuse (Count IV), False or Misleading Representation (Count V), Unfair Practices

(Count VI),[5] and Validation of Debts (Count VII). Count VIII alleges a violation of

the Fair Credit Reporting Act ("FCRA"). Count IX alleges a violation of the Truth in

Lending Act ("TILA") and Regulation Z. Count XI, breach of contract, Count XII,

void or voidable contract, Count XIII, fraud, Count XIV, the Florida deceptive trade

practices act, Court XV, fraud in the inducement, and Count XVI, civil conspiracy,

appear to allege state law claims. [Id., pp. 30-46]. The final sections of the complaint

are labeled "Commerce," "Jurisdiction And Venue," "Parties,"[6] "Injury," "Statement

of Claim," and "Prayer for Relief." [Id., pp. 46-49].

Additional facts will be set forth as necessary in discussion of the motion to

dismiss.

---

[5]The complaint contains a duplicate Count VI. [Id., pp. 13-14].

[6]This section includes the only reference in the body of the complaint to named Defendants Shapiro & Swertfeger, LLP, and FNMA, providing addresses and nothing else. [Doc. 7 at 47].

AO 72A
(Rev.8/82)

## IV. Discussion

Defendant contends that Plaintiff failed to effect service as required by Fed. R. Civ. P. 4 and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. Defendant also contends that the complaint fails to state any claims upon which relief can be granted pursuant to Fed. R. Civ. P. 8 and 12(b)(6). [Doc. 12]. Specifically, Defendant asserts that the complaint is a shotgun pleading and does not meet the pleading standards set forth in Rule 8 because the complaint contains only vague and conclusory allegations, without any specific facts linking any conduct by any Defendant to the causes of action, and because the complaint fails to identify which Defendant or Defendants allegedly committed the conduct upon which Plaintiff's claims are based. [Id.].

The court will consider the sufficiency of service of process and of the complaint to state a claim for relief as to all currently named Defendants. Plaintiff is not harmed by the court *sua sponte* addressing these allegations as to all Defendants because she will have the opportunity to object to the court's recommendations following filing of this report and recommendation. See Martin v. Citimortgage, 2010 WL 3418320, at **2, 6 n.8 (N.D. Ga. August 3, 2010) (citing Shrivers v. Int'l Brotherhood of Elec. Workers Local Union 349, 262 Fed. Appx. 121, 125, 127 (11th

Cir. 2008) (a party has notice of a district court's intent to *sua sponte* grant summary judgment when a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment which allows for objections to that determination); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001) (noting that two concerns of notice and an opportunity to be heard were satisfied because the magistrate judge raised the issue and allowed the party the opportunity to argue against those findings to the district court); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (same)).

### a. Sufficiency of Service of Process

The court will first address the sufficiency of service of process because resolving claims brought pursuant to Rule 12(b)(5) concerns the jurisdiction of the court. If service is insufficient, this court lacks personal jurisdiction over Defendants and should not address substantive issues raised under Rule 12(b)(6). See Pelmore v. Pinestate Mortg. Corp., 2010 WL 520767, at *2 (N.D. Ga. February 8, 2010) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served. . . . Therefore, where a court finds insufficient service, it is improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice.") (citations and internal

13

quotation marks omitted).

Defendant JPMorgan contends that there has been no service of process, of either the original or amended complaint, on any named Defendant, excepting Chase Home Finance which was served with the original complaint. [Doc. 12 at 3, 14]. The docket supports this contention as it only reflects an affidavit of service upon Chase Home Finance on October 26, 2010, of the original complaint. [See Docket Entry dated November 2, 2010]. Defendant filed this motion contesting service on November 15, 2010, and Plaintiff has not submitted any proof, nor filed any other affidavits of service on any currently named Defendants, since the filing of the motion to dismiss.

Rule 4(m) of the Federal Rules of Civil Procedure requires service of process of a complaint within one hundred-twenty (120) days of filing the complaint.[7] Because Defendants were all named in the original complaint filed on October 6, 2010, that 120

_____

[7]Fed. R. Civ. P. 4(m) (as amended 2007) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

AO 72A
(Rev.8/82)

day time period ran on or about January 4, 2011.[8]  See <u>Durgin v. Mon</u>, 659 F. Supp. 2d 1240, 1259 (S.D. Fla. 2009) ("the 120-day service requirement is not re-started as to a defendant already named in a prior complaint").  The complaint therefore should be dismissed without prejudice unless Plaintiff demonstrates good cause or the court decides to exercise its discretion to extend the time for service of process.  <u>Horenkamp v. Van Winkle and Co., Inc.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause"); <u>accord</u> <u>Rance v. Rocksolid Granit USA, Inc.</u>, 583 F.3d 1284, 1286 (11th Cir. 2009) (same).  "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"  <u>Rance</u>, 583 F.3d at 1286 (quoting <u>Lepone-Dempsey v. Carroll Cty. Comm's.</u>, 476 F.3d 1277, 1281 (11th Cir. 2007)).  As noted, Plaintiff presented no evidence of proper service of process on any named Defendant nor offered any reason why she did not promptly and properly serve Defendants.  Plaintiff has not shown good cause to excuse the lack of service.

Nor does the court recommend exercising discretion to excuse Plaintiff's failure

---

[8]Even if the time period is counted from the filing of the amended complaint on November 2, 2010, the time period ran on January 30, 2011.

to serve Defendants.  <u>See</u> <u>Anderson</u>, 678 F. Supp. 2d at 1297 ("'[T]he decision to extend time for service is within the [c]ourt's sound discretion.'") (citation omitted). As the Advisory Committee Notes point out, the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."  Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Accordingly, when a district court finds that a plaintiff failed to establish good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  <u>Lepone-Dempsey</u>, 476 F.3d at 1282; <u>accord</u> <u>Rance</u>, 583 F.3d at 1286 (same).  Plaintiff presented no reasons for the exercise of the court's discretion.[9] And the circumstances before the court do not warrant an exercise of discretion.  On

_____

[9]"Although not an exhaustive list, [the Advisory Note to Rule 4(m)] explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" <u>Lepone-Dempsey</u>, 476 F.3d at 1282 (citation omitted).  There is no evidence that any Defendant attempted to evade service, and by filing the motion to dismiss, Defendant placed Plaintiff on notice of lack of adequate service.  As to concerns regarding the statute of limitations, as to most of Plaintiff's federal claims, given the August 2004 loan closing date [Doc. 7 at 1-2], the relevant statutes of limitations ran well-before Plaintiff ever filed the original complaint.

16

October 7, 2010, Plaintiff was advised of her responsibility to properly serve Defendants pursuant to Rule 4. [Doc. 2]. Defendant JPMorgan warned Plaintiff that service had not been effected and was being challenged. [Doc. 12]. The fact that Plaintiff is proceeding *pro se* does not excuse her failure to timely serve Defendants. There is no exception to the rule "solely because Plaintiff is proceeding *pro se*." <u>Lowe v. Hart</u>, 157 F.R.D. 550, 553 (M.D. Fla. 1994); <u>see also</u> <u>Anderson v. Osh Kosh B'Gosh</u>, 255 Fed. Appx. 345, 348 n.4 (11th Cir. 2006) (a party's "*pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules"); <u>Washington v. Lennox Intern., Inc.</u>, 2004 WL 2599401, at *2 (N.D. Tex. November 15, 2004) ("Although Washington is proceeding *pro se*, this fact does not exempt him from complying with the rules of service.").

For these reasons, the court finds that Defendant specifically stated the deficiency in the service of process and that Plaintiff failed to carry her burden of demonstrating that service was perfected as required under Rule 4. <u>See</u> <u>Smith v. IndyMac Fed. Bank, F.S.B.</u>, 2010 WL 5490728, at *3 (N.D. Ga. September 28, 2010) (finding that, in response to challenge to service of process, the docket did not reflect any proof of service of process and that the plaintiff did not assert that service was perfected, therefore, recommending dismissal of the complaint). And, given the

circumstances outlined *supra* and as discussed *infra*, the court recommends against use of the court's discretion to excuse the lack of service and to allow additional time for service. For these reasons, the court **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE** as to all named Defendants.

**b.      Shotgun/Form Pleading**

Although the court will not address the merits of Defendant's Rule 12(b)(6) motion given the finding that the court lacks personal jurisdiction over the named Defendants, a brief consideration of Defendant's arguments regarding the form of the complaint further explains this court's recommendation against allowing Plaintiff additional time to serve Defendants and provides Plaintiff with guidance should she seek to file a new complaint raising similar claims. Defendant asserts that the complaint should be dismissed because the complaint does not comply with Rule 8 by providing a short and plain statement of the facts and is a shotgun pleading. [Doc. 12]. The court also notes that Plaintiff's complaint is simply a form complaint, apparently downloaded from the internet, bearing little to no facts pertaining to Plaintiff's causes of action.

First, Plaintiff's complaint is a form pleading, one of the variations currently being filed by litigants seeking to prevent foreclosure. See, e.g., Evelyn Olagundoye,

18

et al., 1:10-CV-3601-RLV-JFK; Adelso Fernandez v. Wells Fargo Home Mortg., et al., 1:10-CV-3568-CC-JFK; James Elrod v. Countywide Home Loans Servicing, et al., 1:10-CV-3013-JEC-JFK; David Harris v. Countrywide Home Loans Servicing, et al., 1:10-CV-2869-WSD-CCH; Brenna & Jarrod Crowder v. HSBC Mortg. Servs., Inc., et al., 1:10-CV-2785-ODE-JFK; Jonzozeika & Theron Gardner v. Countrywide Home Loans Servicing, et al., 1:10-CV-2529-TWT; Rhionette Job v. Countrywide Home Loans Servicing, et al., 1:10-CV-2386-TCB-GGB; Michael Baker v. Countrywide Home Loans Servicing, et al., 1:10-CV-2336-JEC-RGV; Rhonda J. Clark v. Countrywide Home Loans Servicing, et al., 1:10-CV-2009-CAP-JFK.[10] The introduction to these complaints, the discussion of the defendants and defendants' business practices, the causes of action and the wording used to state the causes of action,[11] the discussion of the nature of the enforcement action, the prayer for relief, and the attachments to the complaints are substantially the same for each form complaint. [Id.].

------

[10]In all of the cases in which either the District Judge or Magistrate Judge have issued orders or reports on pending motions to dismiss, those motions have been granted or at least a recommendation entered recommending dismissal. In a couple of the cases, faced with the motion to dismiss, the plaintiffs filed a voluntary dismissal. None of the cited cases have proceeded beyond the filing of a motion to dismiss.

[11]This includes duplicating "Count VI: Unfair Practices."

19

Second, and not surprising given the nature of the form complaint used by Plaintiff, the complaint does not comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. It is a typical "shotgun" pleading which the Eleventh Circuit admonishes litigants for filing. See Bailey v. Janssen Pharm., Inc., 288 Fed. Appx. 597, 602-03 (11th Cir. 2008) (citing, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors. . . ."); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) ("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint. . . .")).

The complaint contains very few facts pertinent to Plaintiff's loan and the transactions involving any of the named Defendants, instead reciting a history of the mortgage market and foreclosure process, then at the beginning of each cause of action stating, "1. Plaintiff incorporates by reference all of the foregoing paragraphs." [See, for example, Doc. 1, p. 30]. The Eleventh Circuit has "condemned this sort of pleading on several occasions." United States ex rel. Atkins v. McInteer, 470 F.3d

1350, 1354 n.6 (11th Cir. 2006). And, as noted, the complaint is not only a shotgun

pleading, it is vague and ambiguous. Plaintiff fails to identify specific individuals or

actions in the complaint but makes indefinite and conclusory allegations and uses only

formalistic recitation to the statutes and regulations that she claims were violated

without setting forth a single fact allegedly taken by a specific named Defendant that

constituted a violation of the statute. In fact, as noted, several of the named

Defendants are not mentioned in the body of the complaint, except for providing

addresses in the section labeled, "Parties." [Doc. 1. p. 47]. Plaintiff's complaint is a

shotgun pleading filled with vague and conclusory allegations that clearly does not

give any named Defendant fair notice of the claims and the grounds upon which they

rest. See Erickson, 127 S. Ct. at 2200. The complaint's allegations are no more than

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "'naked

assertion[s]' devoid of 'further factual enhancement'" which simply do not state claims

for relief. Iqbal, 129 S. Ct. at 1949 (citation omitted). For these reasons alone, if the

court had jurisdiction over Defendants, the court would recommend that the complaint

be dismissed - which further supports the district court declining to exercise it's

21

discretion under Rule 4(m).[12]

## IV.  Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that the motion [Doc. 12] to dismiss be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(5), that Plaintiff not be afforded additional time to serve Defendants, and that Plaintiff's cause of action be **DISMISSED WITHOUT PREJUDICE** as to all claims alleged against all Defendants named in the complaint.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED** this 9th day of March, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[12]And given the circumstances of this case, including the facts that the complaint is a form pleading and that Plaintiff failed to offer any opposition to the motion to dismiss, the court also would not recommend allowing Plaintiff an opportunity to replead the causes action in lieu of dismissal. Cf. Atkins, 470 F.3d at 1354 n.6 ("When faced with [such] a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader."); Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006) (reminding district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to adequately link a cause of action to its factual predicates).

22